UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY,<br><br>       Debtor. | Case No. 10-00235<br>Chapter 7 |
| DANE S. FIELD,<br><br>       Plaintiff,<br><br>vs.<br><br>THE TRUST ESTATE OF ROSE KEPOIKAI, et al.,<br><br>       Defendants. | Adv. Pro. No. 10-90126<br><br><br><br>Re: Docket No. 994 |

## MEMORANDUM OF DECISION CONCERNING DEFENDANTS' RIGHT TO TRIAL BY JURY

In this adversary proceeding, the bankruptcy trustee of a company that operated a Ponzi scheme seeks to recover money transferred to the defendants. The trustee filed his original complaint on October 17, 2010. Dkt. no. 1. The original complaint asserted claims for: (1) fraudulent transfer (11 U.S.C. § 548); (2) transferee liability (11 U.S.C. § 550(a)); (3) fraudulent transfer (Haw. Rev. Stat. § 651C-4); (4) strong arm powers (11 U.S.C. § 544); and (5) unjust enrichment. Defendants Robert E. Rowland and Mancini, Welch & Geiger LLP

answered the complaint, but did not make a jury demand. Dkt. no. 46, 56. None of the remaining defendants made a timely demand for a jury trial.

Approximately eight months later, on June 30, 2011, the trustee filed an amended complaint, supplementing the original claims with additional facts, and adding new causes of action (aiding and abetting / participation in breach of fiduciary duty and breach of the Uniform Fiduciaries Act, Haw. Rev. Stat. § 556-4) along with four claims brought by way of assignment (negligent misrepresentation, breach of fiduciary duty, attorney malpractice and aiding and abetting). Dkt. no. 292. Mr. Rowland and the Mancini firm both answered the amended complaint and, for the first time, they demanded a jury trial. Dkt. no. 299, 301.

The trustee contends that the defendants are not entitled to a jury trial on any of the claims. First, the defendants waived their right to a jury trial on the claims in the original complaint by not demanding a jury trial within 14 days after the complaint was filed. Fed. R. Civ. P. 38(b), Fed. R. Bankr. P. 9015(a). Second, the issues in the original and amended complaint turn on the same "matrix of facts," and thus the defendants' right to request a jury trial as to any new issues was not revived. Lutz v. Glendale Union High School, 403 F.3d 1061, 1063-66 (9th Cir. 2005); Trixler Brokerage Co v. Ralston Purina Co., 505 F.2d 1045, 1050

2

(9th Cir. 1974).

Mr. Rowland and the Mancini firm argue that the amended complaint revived their right to demand a jury trial. They contend that the new issues raised in the amended complaint drastically change the nature and structure of the adversary proceeding, and do not turn on the same "matrix of facts" as the issues in the original complaint.

Under rule 38(b), "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand - which may be included in a pleading - no later than 14 days after the last pleading directed to the issue is served[.]" Fed. R. Civ. P. 38(b), Fed. R. Bankr. P. 9015(a).

The right to a jury trial is a fundamental constitutional right and carries a presumption against waiver. Praidier v. Elespuru, 641 F.2d 808, 811 (9th Cir. 1981). It is error, however, to conduct a jury trial if all parties have waived their right to such a trial. See Lutz, 403 F.3d at 1071 (vacating a jury verdict and remanding to the district court to conduct a bench trial because the plaintiff did not make a timely demand for a jury trial under rule 38).

A demand for jury trial made for the first time after a pleading has been amended is effective only as to any new issues of fact raised in the amended pleading. See Lutz, 403 F.3d at 1066 ("Rule 38 cut off [the plaintiff's] right to

U.S. Bankruptcy Court - Hawaii   #10-90126   Dkt # 1044   Filed  11/21/12   Page 3 of 7

demand a jury trial 10 days [14 days under amended rule 38] after [the defendant's] answer was served . . . and the amended complaint did not revive that right as to the issues that [the plaintiff] had raised in her original complaint[.]"). To determine whether an amended complaint raises new issues, one looks to the factual allegations. See <u>California Scents v. Surco Prods., Inc.</u>, 406 F.3d 1102, 1106 (9th Cir. 2005) (noting that rule 38(b) refers to issues of fact). "[T]he presentation of a new theory does not constitute the presentation of a new issue on which a jury trial should be granted . . . ." <u>Trixler</u>, 505 F.2d at 1050. An amended complaint that turns on the same "matrix of facts" as the original complaint does not present a new "issue." <u>Las Vegas Sun</u>, 610 F.2d at 620.

The trustee's amended complaint differs from the original complaint in two respects.

First, he alleges additional facts which clarify and elaborate on the original claims. Included in this category are background facts relating to the Mancini law firm and Mr. Rowland, as well as facts relating to Mr. Rowland's good faith in the transactions. These additional facts do not create new issues, and are not sufficient to revive the defendants' right to a jury trial. See <u>Trixler</u>, 505 F.2d at 1050 (finding the defendants, having waived their right to a jury trial on the original complaint, were not entitled to a jury trial on a more detailed statement of

4

U.S. Bankruptcy Court - Hawaii    #10-90126    Dkt # 1044    Filed  11/21/12    Page 4 of 7

the same claims in the amended complaint).

Second, the amended complaint asserts new claims. There is very little overlap between the factual issues raised by the original claims and the new claims in the amended complaint, and most of the overlapping issues are not seriously disputed or have already been decided on summary judgment (e.g., the role and capacity of the parties and the fact that certain transactions occurred). The sixth and seventh causes of action require the trustee to prove new elements, such as duty and breach, which necessarily encompass additional facts beyond those that were necessary for the original claims. The assigned claims originally involved different plaintiffs, and will also involve elements separate and distinct from a fraudulent transfer inquiry (such as duty, breach, and causation). These claims create new "issues" on which the defendants are entitled to demand a jury trial.

In the alternative, Mr. Rowland requests that the court, in its discretion, order a jury trial pursuant to Fed. R. Civ. P. 39(b), Fed. R. Bankr. P. 9015(a), even though there was no proper demand. Mr. Rowland argues that it is in the interests of judicial efficiency and economy that the claims be tried in one court on all of the issues presented, and that the trustee is not prejudiced by a jury trial. The trustee argues that such a request under rule 39(b) must be made by way of a motion, which Mr. Rowland did not make, despite having more than sufficient

U.S. Bankruptcy Court - Hawaii   #10-90126   Dkt # 1044   Filed  11/21/12   Page 5 of 7

time to do so.

Rule 39(b) provides: "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Mr. Rowland did not bring a motion under rule 39(b). Even if he did, I would not grant the motion. First, the request is made very late with no explanation as to why it was not brought earlier in the proceedings. The discovery cutoff has already passed, and while the trial date was vacated for other reasons, it can be reset on a short timetable. Second, granting a jury trial on all of the issues may not be as efficient as Mr. Rowland suggests. There is little overlap between the new issues raised in the amended complaint and those contained in the original complaint. As such, there will be little duplicative efforts for the parties and the court.

\* \* \*

For these reasons, the defendants' right to a jury trial is revived only as to new issues contained in the amended complaint. The defendants are entitled to a jury trial on counts six and seven of the amended complaint, as well as the four causes of action obtained by the trustee by way of assignment. This decision will be incorporated, as appropriate, in any proposed findings and recommended

6

U.S. Bankruptcy Court - Hawaii   #10-90126   Dkt # 1044   Filed  11/21/12   Page 6 of 7

judgment to the district court.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 11/21/2012

U.S. Bankruptcy Court - Hawaii    #10-90126   Dkt # 1044   Filed  11/21/12   Page 7 of 7